**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

FREDERICK ALLEN BARNES,                )
                                       )
    Plaintiff,                         )
                                       )
    v.                                 )            Case No. 4:25-cv-00804-NCC
                                       )
ALEX DOWNING, *et al.*,                )
                                       )
    Defendants.                        )

**MEMORANDUM AND ORDER**

This matter is before the Court for review of a Complaint filed by Plaintiff Frederick Allen Barnes, a prisoner who is proceeding *pro se* and *in forma pauperis*. For the reasons explained below, the Court will direct the Clerk of Court to effect service of process as to Defendants Alex Downing and Case Manager Lawson in their individual capacities and dismiss the remaining Defendants from this action.

## I.      Background

Plaintiff is currently incarcerated in the Eastern Reception, Diagnostic and Correctional Center, but the events giving rise to his claims occurred at the Potosi Correctional Center ("PCC"). He filed the Complaint pursuant to 42 U.S.C. § 1983 against the following Missouri Department of Corrections ("MDOC") employees: Sergeants Alex Downing and Shelby Walter, MDOC Director Anne L. Precythe, Assistant Warden Jennifer Price, Deputy Warden Jody Glore, Function Unit Manager Brian Davis, Case Worker Unknown Lawson, Captain Unknown Brown, Barbara Lindell, and Jennifer Roach. Plaintiff names the Defendants in their official and individual capacities.

Plaintiff claims that on June 7, 2022, he was handcuffed to a restraint bench and attacked by a fellow inmate. He claims Downing arranged the attack after learning of Plaintiff's relationship with Walter, Downing's girlfriend, and Lawson acted to facilitate the attack. Plaintiff writes:

> Sgt. Alex Downing is the one that put the hit on my life. Case Manager Lawson set it up for me to be assaulted by the Unknown inmate because Lawson had the officer pull me out the cell and sat me on the bench to talk to me. And when he got done talking to me the inmate came out his cell and attack me. Sgt. Shelby Walter was the one woman I was dealing with (Relationship) and her boyfriend Sgt. Alex Downing found out about our Relationship, and that's why he put a hit on my life.
>
> I filed a previous I.R.R. stating that Sgt. Alex Downing was trying to get me harmed. I inform the Administration, Assistant Warden Jennifer Price, Deputy Warden Jody Glore, FUM Brian Davis, and Captain Brown, and they did nothing about protecting me from this Sgt.!
>
> I informed Mental Health Barbara Lindell and Jennifer Roach about the problem I was having with this Sgt, and they did nothing about the situation!

Doc. [1] at 3, 7 (emphasis in original) (The Court quotes the Complaint verbatim without noting or correcting any errors).

Plaintiff describes suffering physical and psychological injuries and seeks $200,000 in damages. There is no indication that Plaintiff seeks prospective injunctive relief.

## II. Standard

Under 28 U.S.C. § 1915(e)(2), this Court must dismiss a complaint filed *in forma pauperis* if, among other reasons, the action fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant that is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plaintiff must allege facts that demonstrate a plausible claim for relief, which requires more than demonstrating a "mere

possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly,* 550 U.S. at 556).

When reviewing a self-represented litigant's complaint under section 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Liberal construction means that, if the Court can discern "the essence of an allegation," it should construe the complaint in a way that permits consideration of the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Even so, self-represented plaintiffs must allege facts that, if true, still state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court does not assume unalleged facts, *Stone*, 364 F.3d at 914–15, or excuse compliance with procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## III.   Discussion

a.   Official-Capacity Claims

Plaintiff asserts claims for damages against the Defendants in their official capacities. A suit against a public official in his or her official capacity is actually a suit against the entity for which the official is an agent. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (citing *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). According to the Complaint, Defendants are employed by the MDOC, a state agency. *See Walker v. Mo. Dep't of Corr.*, 213 F.3d 1035, 1036 (8th Cir. 2000) (recognizing the MDOC as state agency). The Eleventh Amendment prohibits suits for damages against the state, agencies of the state, or state officials acting in their official

3

capacities.  *Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1984).  And what is more, "[s]tate officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them."  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).  The Court therefore will dismiss Plaintiff's official-capacity claims for damages against the Defendants.

b.      Individual-Capacity Claims

Plaintiff alleges that Downing "put a hit on [his] life" after learning of Plaintiff's relationship with Walter, and he alleges that Lawson "set it up" for him to be assaulted by an unknown inmate.  Doc. [1] at 3.  Plaintiff then describes an assault that occurred under circumstances that can be construed as suspicious and coordinated.  Having liberally construed the Complaint, the Court finds that Plaintiff has stated plausible Eighth Amendment failure-to-protect claims against Downing and Lawson.  *See Young v. Selk*, 508 F.3d 868, 872 (8th Cir. 2007) (to prove a sufficiently serious deprivation in a failure-to-protect claim, a plaintiff must show that the defendant caused him to be "incarcerated under conditions posing a substantial risk of serious harm.").  The Court will require Downing and Lawson to respond to the Complaint.

The Complaint does not state a plausible claim against Walter.  To state a section 1983 claim, a plaintiff must plead that each defendant "personally violated plaintiff's constitutional rights."  *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676).  Here, Plaintiff alleges only that he had a personal relationship with Walter, and Downing was her boyfriend.  The Complaint contains no allegations that Walter was involved in the assault or even knew about it, or that she engaged in any other wrongdoing.  The Court therefore will dismiss Walter from this action.

4

The Complaint also fails to state a plausible claim against Precythe. As noted above, Plaintiff was required to allege facts showing that each named Defendant personally violated his constitutional rights. *Jackson*, 747 F.3d at 543 (citing *Iqbal*, 556 U.S. at 676). Here, Plaintiff names Precythe as a Defendant but does not allege that she engaged in any wrongdoing. In fact, Plaintiff does not mention Precythe with the exception of listing her as a named Defendant. It appears Plaintiff claims that Precythe is liable to him because she was the MDOC Director, but her "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997); *see Iqbal*, 556 U.S. at 676 (The doctrine of respondeat superior does not apply in § 1983 suits); *see also Beaulieu v. Ludeman*, 690 F.3d 1017, 1030 (8th Cir. 2012) ("[S]upervisors ... cannot be held vicariously liable under § 1983 for the actions of a subordinate."). The Court therefore will dismiss Precythe from this action.

Finally, the Complaint fails to state a plausible claim against Price, Glore, Davis, Brown, Lindell, and Roach. As quoted above, Plaintiff alleges he filed a "previous I.R.R.," but he does not allege that any of these Defendants responded to it or were aware of it. Doc. [1] at 3. Plaintiff also alleges that he "inform[ed] the Administration," Price, Glore, Davis, and Brown, and they "did nothing" to protect him, and that he informed Lindell and Roach about the problem he was having, and they did nothing about it. *Id.*

As noted above, an Eighth Amendment failure-to-protect claim requires a showing of a substantial risk of harm to the inmate and deliberate indifference on the part of prison officials. *Farmer*, 511 U.S. at 834. To establish deliberate indifference, the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Here, Plaintiff does not provide basic details such

5

as what he told Price, Glore, Davis, Brown, Lindell, and Roach about the risk he faced, or when he told them relative to the assault.  Without such basic details, the Court cannot reasonably infer that those Defendants were aware of facts from which they could infer that Plaintiff faced a substantial risk of harm.  And for the reasons explained above, Plaintiff cannot proceed against these Defendants on a respondeat superior theory.  *See Iqbal*, 556 U.S. at 676.  The Court finds that the Complaint fails to state plausible Eighth Amendment individual-capacity claims against Price, Glore, Davis, Brown, Lindell, and Roach, and therefore will dismiss them from this action.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims against the Defendants are **DISMISSED** without prejudice.

**IT IS HEREBY ORDERED** that Plaintiff's individual-capacity claims against Shelby Walter, Anne L. Precythe, Jennifer Price, Jody Glore, Brian Davis, Unknown Brown, Barbara Lindell, and Jennifer Roach are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the Complaint as to Defendants Alex Downing and Case Manager Lawson in their individual capacities pursuant to the Service Agreement maintained between the Court and the Missouri Department of Corrections.

A separate order of partial dismissal will be entered with this Memorandum and Order.

Dated this 29th day of April 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

6